UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 14-92-DLB

SHERMAN GRIFFITH                                                                    PLAINTIFF


vs.                           **MEMORANDUM OPINION & ORDER**


CAROLYN W. COLVIN, Acting Commissioner
SOCIAL SECURITY ADMINISTRATION                                     DEFENDANT

\* \* \* \* \* \* \*

This action was brought pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 25, 2011, Plaintiff Sherman Griffith applied for Supplemental Social Security Income (SSI), alleging a disability onset date of January 1, 2001. (Tr. 134). Plaintiff asserts that he is unable to work because of injuries to his wrists, ankles, and hips, liver problems, and low back pain. (Tr. 50). His application was denied initially and again on reconsideration. (Tr. 50, 61). At Plaintiff's request, an administrative hearing was conducted on January 14, 2013. (Tr. 10). On February 8, 2013, the Administrative Law Judge (ALJ) ruled that Plaintiff was not disabled and therefore not entitled to SSI. (Tr. 18). This decision became the final decision of the Commissioner when the Appeals Council

1

denied Plaintiff's request for review on March 28, 2014. (Tr. 1).

On April 17, 2014, Plaintiff filed the instant action. (Doc. # 2). The matter has culminated in cross-motions for summary judgment, which are now ripe for review. (Docs. # 13, 14).

## II.  DISCUSSION

### A.  Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. At the last step, the burden of proof

shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date on July 25, 2011. (Tr. 12). At Step 2, the ALJ found that Plaintiff had the following severe impairments: status post left ankle fracture; status post fracture of right hand; status post fusion of the C6/7 vertebrae; depression, not otherwise specified; history of alcohol and benzodiazepine abuse, allegedly in remission; right knee osteoarthritis. (*Id.*). He further found that Plaintiff had non-severe gout and hepatitis. (Tr. 14). At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*). Relevant to this appeal, the ALJ determined that Plaintiff did not meet the requirements for Listing 12.04 because "the evidence does not establish 'marked' limitations in [Plaintiff's] daily activities, social functioning or ability to maintain attention and concentration or any sustained episodes of decompensation . . . ." (*Id.*).

At Step 4, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform less than a full range of sedentary work with the following limitations: no climbing of ropes, ladders or scaffolds; occasional climbing of stairs or ramps and occasional stooping, kneeling crouching or crawling; restricted to frequent use of the right hand for handling; and no operation of foot pedal controls with the left foot. (Tr. 15). The ALJ further concluded that Plaintiff requires entry level work with simple repetitive procedures;

no frequent changes in work routines; no detailed or complex problem solving, independent planning or the setting of goals; and that he should work in an object oriented environment with only occasional and casual contact with coworkers, supervisors, and the general public. (*Id.*).

The ALJ found that Plaintiff has no past relevant work, and therefore proceeded to the final step. (Tr. 16). At Step 5, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff can perform. (Tr. 17). The ALJ based this conclusion on testimony from a vocational expert (VE), in response to a hypothetical question assuming an individual of Plaintiff's age, education, work experience, and RFC. (*Id.*). The VE testified that given all these factors, and notwithstanding reductions for Plaintiff's functional limitations, Plaintiff could perform unskilled entry level occupations at the sedentary level, including, but not limited to, the following: bench assembly (6,000 in state/ 500,000 nationally); and checking/inspecting jobs (550/280,000). (*Id.*). Based on the VE's testimony, and considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy, and is therefore "not disabled" under the Social Security Act. (Tr. 17-18).

**C.    Analysis**

Plaintiff raises two arguments on appeal. First, that the ALJ erred in finding that he does not meet Listing 12.04 for affective disorders. (Doc. # 13 at 5). And second, that the ALJ erred in finding him "not disabled by mechanical application of the vocational guidelines." (*Id.* at 4).

4

### 1. Substantial evidence supports the ALJ's conclusion that Plaintiff does not meet Listing 12.04

Plaintiff asserts that the ALJ erred in finding that he does not meet Listing 12.04 for affective disorders. (*Id.* at 5). A claimant is disabled if his impairment meets or equals one of the listings in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1525(a); *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011). To meet a listing, a claimant must show that he "meet[s] all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

To meet Listing 12.04, a claimant's impairment must satisfy the criteria in both paragraphs A and B, or in paragraph C. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. Therefore, if a claimant cannot satisfy either paragraph B or C, he cannot meet Listing 12.04. Paragraph B requires at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. *Id.*

Meanwhile, paragraph C requires:

> Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following: (1) repeated episodes of decompensation, each of extended duration; (2) a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or (3) current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

*Id.*

5

In his motion for summary judgment, Plaintiff does not cite the criteria for Listing 12.04 and provides no analysis as to how he meets the criteria. He does note that he was evaluated by Michele Amburgey, M.A, who opined that he had depressive disorder, borderline functioning, and a Global Assessment of Functioning Scale (GAF) of 51. (Tr. 408-09). He also points out that Amburgey concluded that he had marked limitations in performing activities within a schedule, maintaining regular attendance, and responding appropriately to changes in a work setting. (Tr. 410-11). Plaintiff does not suggest that Amburgey is a treating source, and the evidence does not support such a finding.

Nevertheless, the ALJ explained why he did not give Amburgey's opinion significant weight. (Tr. 14, 16). First, it was inconsistent with Dr. Timothy L. Baggs' evaluation that Plaintiff's intellectual functioning was in the average range, that he has no mental confusion or disorientation, and that he can respond to workplace pressures only "mildly less than the average worker." (Tr. 14, 303, 305). It was also inconsistent with Plaintiff's prior work history, and his testimony that he has friends, likes race cars, and shops for groceries, does laundry, and cooks. (Tr. 14, 170-73, 302). Finally, it was inconsistent with Amburgey's own observations that Plaintiff was oriented, pleasant, and cooperative during her evaluation. (Tr. 14, 16, 406). *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007) (holding that an ALJ can reject an opinion when it is inconsistent with the overall evidence of record).

Turning to Listing 12.04's criteria, the ALJ concluded that Plaintiff did not meet paragraph B (Tr. 14), a finding that is supported by substantial evidence. First, activities of daily living includes cleaning, shopping, and cooking. 20 C.F.R. pt. 404, subpt. P, app.1, § 12.00(C)(1). As the ALJ noted, Plaintiff stated that he does laundry, shops for groceries,

6

and cooks. (Tr. 14, 170-73). Second, social functioning includes the ability to get along with family, friends, and others in the community. 20 C.F.R. pt. 404, subpt. P, app.1, § 12.00(C)(2). The ALJ cited Plaintiff's statements that he has several friends and gets along well with family. (Tr. 14, 173, 175, 302).

Third, concentration, persistence or pace is the "ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks found in work settings." 20 C.F.R. pt. 404, subpt. P, app.1, § 12.00(C)(3). The ALJ found compromised attention and concentration, but not "marked" limitations based on the following: Dr. Bragg's opinion that Plaintiff has average intellectual functioning, no suggestion of mental confusion or disorientation, and the ability to respond to pressures in a normal work setting only mildly less than the average worker. (Tr. 14, 303-05). Finally, "repeated episodes of decompensation" require three episodes within one year, or an average of once every four months, each lasting at least two weeks. 20 C.F.R. pt. 404, subpt. P, app.1, § 12.00(C)(4). The ALJ found only one episode of decompensation – in November, 2011 – and Plaintiff cites no evidence to the contrary. (Tr. 14).

The ALJ did not discuss paragraph C. However, the claimant has the burden of proving he meets a listing. *Jones*, 336 F.3d at 474. Plaintiff's motion for summary judgment does not mention paragraph C, nor cite to facts that could potentially satisfy paragraph C's criteria. An independent review of the record supports the ALJ's implicit finding that Plaintiff did not meet the criteria of paragraph C, which applies to more chronic affective disorders. In conclusion, substantial evidence supports the ALJ's ruling that Plaintiff does not meet Listing 12.04.

## 2. The ALJ properly relied on VE testimony in finding that there are a significant number of jobs in the national economy that Plaintiff could perform

Plaintiff contends that because he has psychological impairments in addition to physical impairments, the ALJ improperly relied on the Medical-Vocational Guidelines (grids) in concluding that he is "not disabled." (Doc. # 13 at 4-5); 20 C.F.R. pt. 404, subpt. P, app.2.  In support, he cites *Abbott v. Sullivan*, 905 F.2d 918 (6th Cir. 1990).  In *Abbott*, the court held that when an individual suffers from both exertional and nonexertional impairments, an ALJ may not rely solely on the grids in making a finding of "not disabled." 905 F.2d at 926.  However, a finding of "not disabled" may be found if a VE, who is informed of a claimant's nonexertional limitations, testifies "that there are jobs in the national economy for a person with the claimant's characteristics."  *Id.* at 927 (quoting *Tucker v. Heckler*, 776 F.2d 793, 795–96 (8th Cir.1985)).

Plaintiff cites good case law, but his argument is factually incorrect.  The ALJ recognized that Plaintiff's ability to perform all the requirements of his RFC "has been impeded by additional limitations," and therefore did not rely on the grids. (Tr. 17). Instead, he asked the VE whether jobs exists in the national economy, based on Plaintiff's age, education, work experience, and RFC, which *included* Plaintiff's nonexertional limitations. (Tr. 17, 45-46).  Based on the VE's testimony, the ALJ found that Plaintiff is capable of adjusting to work that exists in significant numbers in the national economy.  Because the ALJ relied on the VE's testimony, his decision is supported by substantial evidence.  *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004) ("[I]f a claimant suffers from a limitation not accounted for by the grid, the Commissioner may use the grid as a

8

framework for her decision, but must rely on other evidence to carry her burden. In such a case, the Commissioner may rely on the testimony of a vocational expert to find that the claimant possesses the capacity to perform other substantial gainful activity that exists in the national economy.").

### III.  CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

    (1)    The decision of the Commissioner is hereby **AFFIRMED**;

    (2)    Plaintiff's Motion for Summary Judgment (Doc. # 13) is hereby **DENIED**;

    (3)    Defendant's Motion for Summary Judgment (Doc. # 14) is hereby **GRANTED**; and

    (4)    A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 23rd day of March, 2015.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\London\6-14-92 Griffith MOO.wpd